**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| LOUGHBOROUGH SURFACE ANALYSIS LTD,<br><br>  Plaintiff,<br><br>  v.<br><br>CAPITAL ASSET EXCHANGE AND TRADING, LLC,<br><br>  Defendant. | Case No. 21-cv-01115-BLF<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Before the Court is Defendant Capital Asset Exchange and Trading, LLC's Motion for Partial Summary Judgment. *See* ECF No. 38 ("MSJ" or "Motion"); *see also* ECF No. 41 ("Reply"). CAET seeks summary judgment on two of three claims in Plaintiff Loughborough Surface Analysis Limited's First Amended Complaint (ECF No. 30 ("FAC")), arguing that LSA cannot prove fraud or negligent misrepresentation by CAET. LSA opposes summary judgment on both claims. *See* ECF No. 39 ("Opp."). The Court held a hearing on this Motion on November 3, 2022. For the reasons stated on the record and explained below, the Court GRANTS the Motion.

**I.   BACKGROUND**

Beginning in August 2019, CAET Director Nicholas Amalfitano sent unsolicited emails to LSA's Director offering for sale multiple Secondary Ion Mass Spectrometer machines ("SIMS machines"). Petty Decl. (ECF No. 39) ¶ 2, Ex. 3. In December 2019, Mr. Amalfitano provided specifications and photos of one of the machines and stated that the seller of the machines told him that the machine was "complete and . . . in working condition when last used." *Id.* ¶ 3, Ex. 1. Throughout December, the Parties exchanged additional information about two SIMS machines. Mr. Amalfitano provided additional photos and represented that both SIMS machines were

configured the same as they came from the same lab, which was in Germany. *Id.* ¶ 4, Ex. 2. LSA's Director asked to see the machines, but CAET said there may be problems with timing because the seller wanted them "off their books in 2019." *Id.* ¶ 5, Ex. 4. LSA offered $75,000 for the two machines, noting that they were making the offer without seeing the machines. *Id.* Ex. 4. LSA paid CAET $87,500 for the two machines according to the invoice, which was signed by the LSA Director on December 20, 2019. *See* FAC Ex. A. LSA and CAET communicated over the next several weeks about transport logistics. Hughes Decl. (ECF No. 39) Ex. 6.

On March 17, 2020, a representative from CAET contacted the third-party supplier stating that there were discrepancies between the original photos the supplier had sent CAET and later photos that a CAET vendor took onsite. Hughes Decl. Ex. 7. The email identified specific discrepancies. *Id.* The supplier informed CAET that the identified parts had been "disconnected for transport" because otherwise the machines would be "too large for [his] door." *Id.*

The equipment was eventually delivered to LSA. LSA informed CAET that the machines were delivered without vital parts. *See* Petty Decl. Ex. 5. LSA stated that "valuable parts have been systematically stripped from these machines" and that the removal of those parts "rendered [the machines] inoperable." *Id.*

LSA filed this case in February 2021, asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraud, and negligent misrepresentation. *See generally* ECF No. 1. CAET filed a motion to dismiss, and the Court dismissed the claim for breach of the implied covenant of good faith and fair dealing. ECF No. 26. LSA filed a First Amended Complaint. *See* FAC. On September 28, 2022, CAET filed a motion for partial summary judgment on two of the three remaining claims. *See* MSJ.

**II.   LEGAL STANDARD**

"A party is entitled to summary judgment if the 'movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014) (quoting Fed. R. Civ. P. 56(a)). "The moving party initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Id.* (citing *Celotex*, 477 U.S. at 325).

"Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial." *Oracle*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 324). "[T]he non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Id.* (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986)). "The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona*, 750 F.3d at 1049 (citing *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* at 1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

### III. ANALYSIS

#### A. Fraud

CAET first argues it is entitled to summary judgment on LSA's fraud claim. MSJ at 2-5. The elements of fraud are (1) misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (scienter); (3) intent to defraud; (4) justifiable reliance; and (5) resulting damage. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009); *see also Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997). CAET argues that LSA cannot show a genuine issue of material fact as to the elements of misrepresentation, scienter, or reliance. MSJ at 3-5.

With regard to misrepresentation, LSA argues that the photos provided to it by CAET in December 2019 constituted false representations. Opp. at 7-8. LSA also points to a March 2020 email from a CAET manager to the third-party supplier of the machines noting discrepancies between the original photos sent by the supplier and later photos taken by a CAET vendor onsite. *Id.* at 8-9, Hughes Decl. Ex. 7. LSA argues that CAET's failure to inform LSA that the machines

3

were incomplete after this March 17, 2020 email and prior to the March 27, 2020 pick-up date constituted a concealment of material facts. *Id.* As to the element of knowledge, LSA asserts that the March 17, 2020 email shows CAET's knowledge that the photos provided to LSA were not accurate. Opp. at 9-10. Finally, as to the third contested element, LSA argues that it justifiably relied on the information, including photos and statements, provided by CAET. *Id.* at 10-11. In its Reply, CAET asserts that LSA's concealment theory is improperly raised for the first time in its Opposition. Reply at 3-5.

Fraud requires that a defendant had knowledge that a statement was false when made and that the defendant intended for the plaintiff to rely on that false statement. LSA cannot prove those elements here. LSA has no evidence to show that CAET knew *at the time it shared the photos* in December 2019 that the SIMS machines would be stripped prior to delivery. LSA only points to an email from CAET to the third-party supplier in March 2020, several months later, as the basis for CAET's knowledge. If anything, this email suggests that CAET was not aware that the machines would be stripped before delivery when it sent the photos and specifications to LSA in December 2019. Further, in response to CAET's email noting the discrepancies, the third-party supplier explained that certain identified parts had been disconnected for transport because they were "too large for [his] door." Hughes Decl. Ex. 7. And LSA's new concealment theory is not pled in the FAC and cannot be raised for the first time in the Opposition. *See Clark v. Beard*, No. 11-cv-03520-YGR (PR), 2015 WL 4452470, at *4 n.7 (N.D. Cal. July 20, 2015) ("Plaintiff cannot raise new claims [in his summary judgment opposition] that were not previously raised in his amended complaint."). The FAC is expressly limited to representations made pre-sale. FAC ¶¶ 58-74. LSA has not submitted any evidence upon which a reasonable jury could find fraudulent inducement. The Court therefore GRANTS Defendant's motion for summary judgment as to the fraud claim.

### B. Negligent Misrepresentation

CAET argues that LSA's claim for negligent misrepresentation fails for the same reasons as the fraud claim. MSJ at 5-8. "The elements of a negligent misrepresentation claim are (1) the misrepresentation of a past or existing material fact; (2) without reasonable ground for believing it

4

to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) justifiable reliance on the misrepresentation; and (5) resulting damage." *Najarian Holdings LLC v. Corevest Am. Fin. Lender LLC*, No. 20-cv-00799-PJH, 2020 WL 5993225, at *5 (N.D. Cal. Oct. 9, 2020) (citing *Apollo Cap. Fund, LLC v. Roth Cap. Partners, LLC*, 158 Cal. App 4th 226, 243 (2007)). Unlike in a fraud claim, defendant need not have knowledge of falsity. *Apollo Cap. Fund*, 158 Cal. App. 4th at 243. CAET repeats its arguments as to misrepresentation and reliance, and it also argues that LSA cannot show CAET had no reasonable ground for believing that any false statements were true when made. MSJ at 6-8. LSA again points to the photos and specifications as misrepresentations, and it argues that CAET had an obligation to confirm these representations were accurate. Opp. at 12-13. Further, LSA again points to the emails between CAET and the third-party supplier in March 2020 noting "discrepancies" as support for CAET's knowledge. Opp. at 14. But the negligent misrepresentation claim is also pled only as to pre-purchase representations. FAC ¶¶ 79-80.

LSA cannot show that the photos or specifications were false when provided in December 2019, and it further cannot show that CAET had no reasonable ground for believing the photos or specifications to be true at the time of sending them in December 2019. LSA has not submitted any evidence upon which a reasonable jury could find negligent misrepresentation. The Court GRANTS Defendant's motion for summary judgment on the negligent misrepresentation claim.

As the Court commented at the hearing, this case is appropriately litigated on the breach of contract claim, and Defendant acknowledges as much.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Partial Summary Judgment is GRANTED.

Dated: November 15, 2022

BETH LABSON FREEMAN
United States District Judge

5